UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLADAPO OLAJIDE,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Defendant. | Case No. 21-mc-80253-EMC<br><br>**ORDER RE PRE-FILING REVIEW AND DISMISSING CASE**<br><br>Docket No. 1 |

## I.  INTRODUCTION

On March 29, 2021, the Court issued an order declaring Plaintiff Oladapo Olajide to be a vexatious litigant and directed pre-filing screening of any complaint filed by Plaintiff in this District to assess whether his complaint plausibly alleges claims for relief and are not frivolous or fanciful. *See Olajide v. California*, 20-cv-08942-DMR, Docket No. 22 (N.D. Cal. March 3, 2021). Accordingly, the Court screens Mr. Olajide's complaint filed on October 25, 2021 and **DISMISSES** it with prejudice for failure to state a claim.

## II.  BACKGROUND

Mr. Olajide's complaint is very difficult to understand. Mr. Olajide sues the Superior Court of Contra Costa County, but states that the Court is "a fictious person executing commercial transactions under color of state law." Docket No. 1 ("Compl") ¶ 2. He alleges that the Superior Court acted to "accept deposits of U.S. taxpayer dollars on account of its use of [his] private business names" and did so "without first accepting [his] written terms of consent for such use of [his] property." *Id.* ¶ 7. He alleges that as a "black taxpayer of the U.S." neither the Court nor "armed policy men contracted to secure the Court" may "punish [him] for exercising a right of

liberty to repossess [his] property from its unauthorized possession." *Id.* ¶ 8. He alleges a single count of violation of the "equal protection clause of the U.S. Constitution" which he alleges "is secured to [him] as a 'black' taxpayer" under 42 U.S.C. § 1983. *Id.* ¶¶ 9-10. He seeks an injunction enjoining the Superior Court from "using any of [his] past, present or future private business names within their movable or immoveable properties, without first accepting [his] written terms of consent." *Id.* ¶ 13.

### III.   DISCUSSION

The Court dismisses Mr. Olajide's claims because they are inscrutable, and to the extent the Court grasps them, they are implausible. The Court has difficulty making sense of Mr. Olajide's factual allegations and the violations of law that Mr. Olajide complains of, nor can it ascertain how the named Defendant, the Superior Court of Contra Costa County, is responsible. Thus, Mr. Olajide's complaint is devoid of factual allegations which can support a claim for relief and his complaint fails to satisfy the pleading requirement set forth in Fed. R. Civ. P. 8. *See Startup v. Bear Stearns Residential Mortg. Corp.*, No. CV1001961, 2011 WL 13227926, at *2 (C.D. Cal. Feb. 14, 2011) (holding that a complaint "fails to meet even the minimal notice pleading requirements" when it makes no factual allegations against a party). To the extent the references in Mr. Olajide's complaint to the Superior Court's "unauthorized possession" of his "taxpayer dollars" is a challenge to the lawfulness of the state's imposition of income tax – as Mr. Olajide has argued in the past – he cannot state a claim because "[i]t is not unconstitutional for the government to require its citizens to pay income tax." *See Olajide v. Brown*, No. 18-CV-03991-CRB, 2018 WL 3328227, at *2 (N.D. Cal. July 6, 2018) (citing *Grimes v. C.I.R.*, 806 F.2d 1451, 1453 (9th Cir. 1986) ("There can be no doubt that the tax on income is constitutional."); *Vix v. Agents for Int'l Monetary Fund*, No. 2:13-cv-02093-APG, 2014 WL 1762064, at *4 (D. Nev. Mar. 25, 2014) ("The Ninth Circuit has refused to recognize a constitutional violation arising from the collection of taxes.")).

For the foregoing reasons, the Court dismisses Mr. Olajide's complaint. Although leave to amend is to be liberally granted, Mr. Olajide's complaint is so fanciful that a dismissal with prejudice is warranted. *See Greene v. Dir., Admin. Office of the United States Courts*, No. C-98-

3648-MHP, 1998 WL 928387, at *2, 1998 U.S. Dist. LEXIS 20555 at *4-5 (N.D. Cal. Dec. 30, 1998) (stating that, "where the complaint alleges facts that are 'clearly baseless,' 'fanciful,' or 'delusional' it may be dismissed as frivolous" and, "if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice"); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed. 2d 340 (1992) (stating that a "court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'").

## IV. CONCLUSION

Accordingly, the Court orders the Clerk of the Court to enter a final judgment in accordance with the above and close the file in this case. Mr. Olajide's motion for a preliminary injunction, Docket No. 3, is denied as moot.

**IT IS SO ORDERED**.

Dated: October 28, 2021

_____
EDWARD M. CHEN
United States District Judge

3